UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD T. LAMMERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18 CV 1993 RWS |
| | ) |
| NATIONAL SURETY | ) |
| CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Defendant Chubb Limited ("Chubb") moves to dismiss Richard Lammert's claims against it. Lammert's insurance policy does not identify Chubb as the insurer. As a result, I will grant Chubb's motion to dismiss.

## Background

Plaintiff Lammert alleges that he bought an insurance policy from Defendants[1] on August 27, 2013, with a limit of $7,000,000 for "fine arts" and $500,000 for "silverware," to insure against the loss of personal property (the "Property") in his home. (ECF No. 1-1, ¶¶ 10, 15). On September 28, 2018, Lammert filed a petition in state court alleging that Defendants breached the insurance policy and vexatiously refused to pay, thereby violating §§ 375.296 and

---

[1] After naming the defendants, Lammert's complaint does not differentiate between Chubb, NSC, and two unidentified corporations, ABC Corporation and DEF Corporation.

375.420 RSMo. Lammert's complaint alleges Chubb "is the agent and/or insurance company currently handling [Lammert's] claim for property loss as described herein." (ECF No. 1-1 at 3). However, Lammert's insurance policy names National Surety Corporation (NSC) as the insurer and does not identify Chubb. (Id. at 9).

On November 28, 2018, NSC timely removed this case to federal court, on the basis of diversity jurisdiction.[2] (ECF No. 1). NSC represents that (1) Lammert is a citizen of Missouri, (2) NSC is an Illinois corporation with its principal place of business in Illinois, (3) Chubb is a corporation "organized in Switzerland with its principal place of business in Switzerland," and (4) the amount in controversy exceeds $75,000. (Id. ¶¶ 6-12). Chubb now moves to dismiss all of Lammert's claims against Chubb, arguing that it is not a party to the insurance policy and cannot be held liable for breach of that contract or vexatious refusal to pay. In a hearing before me, Chubb represented that it only services the insurance policy on behalf of NSC, and that it is not in privity with Lammert.

## Standard of Review

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Hager v. Ark. Dept. of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). At the same time, I need not accept (1) facts that I find are not true by judicial notice, (2) "impossible

---

[2] NSC represents that it was served on October 29, 2018, and that it therefore filed its notice of removal within the 30-day removal window. See 28 U.S.C. § 1446(b)(1).

facts," (3) "facts inadmissible in evidence," or (4) "facts which appear by a record or document included in the pleadings to be unfounded." Cohen v. United States, 129 F.2d 733, 736 (8th Cir. 1942).

**Analysis**

Generally, "one not a party to a contract is not bound thereby and is not liable for breach of [that] contract." Kahn v. Prahl, 414 S.W.2d 269, 278 (Mo. 1967). Similarly, Missouri's vexatious refusal statute provides a remedy against "the insurer" and "the insurance company," not against agents for the insurance company. §§ 375.296 and 375.420 RSMo. Lammert alleges that Chubb is the "agent and/or insurance company currently handling [Lammert's] claim." (ECF No. 1-1 at 3). However, the latter allegation "appear[s] by a . . . document included in the pleadings to be unfounded." Cohen, 129 F.2d 733, 736.

Accordingly,

**IT IS HEREBY ORDERED** that Chubb Limited's motion to dismiss, [No. 14], is **GRANTED**.

                                                  _____
                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE

Dated this 20th day of February, 2019.